Kelly **FURLONG,** on behalf of himself and all others similarly situated, Plaintiffs,

v.

**JOHNSON CONTROLS WORLD SERVICES, INC.,** a Florida corporation, **Defendant.**

No. 99–1768–CIV.

United States District Court, S.D. Florida.

March 6, 2000.

Donald J. Jaret, Law Offices of Donald J. Jaret, P.A., Miami, FL, for Plaintiffs.

Dabney D. Ware, Kevin E. Hyde, Foley & Lardner, Jacksonville, FL, Mark A. Salzberg, Foley & Lardner, West Palm Beach, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant Johnson Controls World Services, Inc.'s Motion for Summary Judgment (**d.e.# 19**), filed on *December 22, 1999.*

THE COURT has considered the motion, responses and the pertinent portions of the record, and is otherwise fully advised in the premises. The Plaintiff has filed a complaint alleging that the Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, by failing to pay him overtime compensation. Because the Court finds that as a matter of law the Plaintiff was properly classified as an exempt "administrative employee," the Plaintiff is not entitled to overtime compensation. Therefore, the Court grants summary judgment in favor of the Defendant.

### LEGAL STANDARD

Summary judgment is authorized where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the nonmoving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### FACTUAL BACKGROUND

The plaintiff Kelly Furlong ("Mr.Furlong") is suing his former employer, Johnson Controls World Services, Inc. ("Johnson Controls"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* for unpaid overtime compensation allegedly owed to him. Mr. Furlong worked for Johnson Controls, a contract service provider, from July 1, 1997 to January 25, 1999 as a senior benefits analyst in the Human Resources department. His final annual salary was $44,593.07.

Pursuant to the company's sick leave policy, Mr. Furlong was always paid in whole day increments, with deductions made to his pay only for full day absences. On September 9, 1998, Mr. Furlong began a leave of absence. This leave was treated by Johnson Controls under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Mr. Furlong's leave continued until his physician, Dr. Gonzalez, released him to return to work on November 12, 1998. Mr. Furlong returned to work on November 16, 1998. Upon returning to work, Mr. Furlong communicated to Johnson Controls' representatives that he was released to work part-time only. Mr. Furlong also claimed that he should be receiving partial short term disability benefits since he was only released to work part-time due to the same serious health condition for which he had previously been on Family and Medical Leave.

The week of November 16–20, 1998 Mr. Furlong worked one full day, three partial days, and was absent one full day. During this time, Johnson Controls worked with Mr. Furlong and his physician to determine if Mr. Furlong could work full-time or part-time since Dr. Gonzalez's November 12 release did not specify any work restrictions. On November 20, 1998, Dr. Gonzalez indicated that the Plaintiff was *unable* to return to work. Thus, Mr. Furlong was granted additional FMLA leave.

Despite the doctor's determination that he was unable to return to work, Mr. Furlong reported to work the following week and worked two partial days.[1] The partial and full day absences between November 16–27 were counted against Mr. Furlong's twelve-week entitlement to FMLA. Then, on November 30, 1998, Johnson Controls received a second medical release that permitted Mr. Furlong to return to full-time work. On December 1, 1998, Mr. Furlong reported to work and worked full days from December 1–4, 1998. However, for the remaining days in December, Mr. Furlong continued to have numerous absences—both partial day and full day absences.[2] After the November 30, 1998 recommendation of Dr. Gonzalez releasing Mr. Furlong to full-time work, Johnson Controls no longer reduced Mr. Furlong's salary for any partial day absences in December, and only withheld compensation for full day absences.

### LEGAL ANALYSIS

The FLSA requires employees to be paid overtime for all hours worked beyond forty hours in a workweek.[3] *See* 29 U.S.C.

---

1. Mr. Furlong was absent one day and the remaining two days coincided with the Thanksgiving holidays.

2. On December 9, 1998, Mr. Furlong was absent, and worked a partial day (seven hours) on December 10, 1998. Then, from December 17–29, 1998, Mr. Furlong was totally absent from work. On December 30, 1998, he worked a partial day.

3. Johnson Controls has submitted the affidavit of Bettie Kennedy, Vice President, Human Resources, indicating that a poster explaining the Fair Labor Standards Act is posted at the headquarters facilities of Johnson Controls, "specifically at the north hallway in front of the Employee Break Room." *See* Aff. of Bettie Kennedy, ¶ 5.

§ 207. However, the FLSA exempts from the overtime compensation requirement those employees who properly qualify as "administrative employees." *See* 29 U.S.C. § 213(a)(1). For an employee to fall within the FLSA's exemption for administrative employees, that employee must be paid "on a salary basis." 29 C.F.R. § 541.2(e). Mr. Furlong claims that he is not an exempt salaried employee under the FLSA and, therefore, is entitled to overtime compensation for the hours worked in excess of forty. The Defendant, on the other hand, contends that Mr. Furlong is an exempt administrative employee because he satisfies the short test created by the implementing regulations to determine whether a person is an "administrative employee." *See* 29 C.F.R. § 541.214.

■ The federal regulations have created two tests for determining if a person is an exempt employee. The "long test" applies to those who earn less than $250 per week, while the "short test" applies to those who earn $250 or more per week. *See* 29 C.F.R. §§ 541.2 and 541.214. "The regulations offer the 'short test,' a safe harbor for employers, which an employee may satisfy even if she fails the long test." *Nicholson v. World Business Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir.1997). Since Mr. Furlong was paid more than $250 per week, the Court shall apply the short test.

■ Under the short test, an individual earning at least $250 per week qualifies as an exempt bona fide administrative employee if the following conditions are met: (1) the employee performs as his primary duty office or non-manual work directly related to management policies or general business operations; (2) the employee's work "includes work requiring the exercise of discretion and independent judgment; and (3) the employee is paid on a salary basis within the meaning of the FLSA." 29 C.F.R. § 541.214; *see also Haywood v. North American Van Lines, Inc.*, 121 F.3d 1066,1069 (7th Cir.1997).

1. *Primary Duty*

■ As for the first prong of the short test, Johnson Controls must show that Mr. Furlong's duties consisted primarily of office or non-manual work directly related to management policies or general business operations. *See Haywood*, at 1071. Mr. Furlong held the position of senior benefits analyst at Johnson Controls. His primary duty was to evaluate the company's benefits plan and design changes. Specifically, as a senior benefits analyst, Mr. Furlong's duties consisted of:

- analyzing plan designs and benefits procedural or system changes; making appropriate recommendations;

- conducting plan audits to ensure compliance; assuring appropriate documentation;

- developing cost/benefit analysis of various plan design changes and preparing reports and recommendations based on findings;

- developing and maintaining a standard administrative manual for all benefit programs;

- administering local network of doctors, hospital and support services;

- coordinating customer satisfaction surveys for benefits and related products; analyzing results and making recommendations;

- reviewing and revising benefit materials; communicating benefit updates and changes to employees;

- assisting in developing and providing training on benefits programs and procedures; and

- performing other duties assigned.

The Court finds that these responsibilities are clearly office or non-manual work directly related to the management policies or general business operations of Johnson Controls.

## 2. *Exercise of Discretion and Independent Judgment*

As for the second prong, Johnson Controls must show that Mr. Furlong's work was of the type that required the exercise of discretion and independent judgment. Mr. Furlong claims summary judgment is inappropriate because there is a question of material fact as to whether he in fact performed the duties indicated above and whether the position in fact required the exercise of independent judgment and discretion. Aside from this conclusory statement, Mr. Furlong has not presented any evidence to satisfy his burden under Rule 56(e) that requires the nonmoving party to go beyond the pleadings and by his own affidavits, depositions, answers to interrogatories, etc., designate specific facts that would show there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Holifield v. Reno,* 115 F.3d 1555, 1564 n. 6 (11th Cir.1997) (stating that "conclusory assertions to the contrary, in the absence of supporting evidence, are insufficient to withstand summary judgment"). In light of this, the Court finds that Mr. Furlong's work, as described above, required him to "routinely exercise discretion and independent judgment in analyzing benefit plans, changes and designs." *See* Aff. of Bettie Kennedy, ¶ 7.

## 3. *Paid on a Salary Basis*

Finally, the third prong of the "short test" requires that Mr. Furlong be paid on a "salary basis" within the meaning of the FLSA. 29 C.F.R. § 541.214. As a threshold matter, Mr. Furlong's compensation must be more than $250 per week. As of the date of termination, Mr. Furlong's salary was approximately $857.60 per week, which substantially satisfies the minimum pay required under the federal regulations.

Under the federal regulations, the salary basis of pay also requires that an employee receive "his full salary for any pay week in which he performs any work without regard to the number of days or hours worked." 29 C.F.R. §§ 541.212 and 541.118. The parties agree that, in general, pay deductions for partial day absences, or even the real possibility of such deductions, violate the salary basis of pay and render the employee non-exempt. However, the regulations contain a statutory exception. The regulations permit an employer to make deductions for absences of a day or more attributable to sickness or disability "if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability." 29 C.F.R. §§ 541.212 and 541.118. In addition, an employer may deduct an employee's salary for hours taken as intermittent or reduced leave under the FMLA without losing the exempt status of the employee. *See* 29 C.F.R. § 825.206. Moreover, the regulations contain a "statutory window of correction" provision, where an employer who makes an inadvertent deduction does not necessarily lose an employee's exemption if the employer reimburses the employee for such deductions and promises to comply in the future. *See* 29 C.F.R. § 541.118(a)(6).

The parties do not dispute the treatment of the FMLA leave between September 9 and November 16, 1998. Mr. Furlong's leave during that period of time was made pursuant to Johnson Controls' bona fide sick leave policy. The main disagreement between the parties is whether the Plaintiff was properly placed on intermittent FMLA leave during the period November 16–27, 1998. If so, then the deductions for partial days would have been permissible. However, if the placement on intermittent FMLA leave was improper, then the deductions would have violated the salary basis requirement, rendering the exemption from the FLSA "not applicable to [Mr. Furlong] during the entire period when such deductions were being made." *See Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 912, 137 L.Ed.2d 79 (1997)(citing 29 C.F.R. § 541.118(a)(6)).

The crucial issue for this Court to determine then is whether the salary deductions made for partial day absences the week of November 16–27, 1998 violate the salary basis pay requirement described in the federal regulations. *See* 29 C.F.R. §§ 541.212 and 541.118. Mr. Furlong claims that he was not on FMLA leave as evidenced by Johnson Controls' letter dated January 25, 1999, notifying Mr. Furlong that his leave of absence covered the period 9/8/989 thru 11/16/98. Thus, he should have received his full salary for partial days worked thereafter. Because his pay was docked for partial day absences between November 16–27, 1998, Mr. Furlong argues it constituted an impermissible salary deduction making the FLSA exemption inapplicable to him. Thus, if Mr. Furlong was a non-exempt employee, he is owed overtime compensation since the beginning of his employment.

Johnson Controls claims that the decision to deduct Mr. Furlong's pay for partial days worked between November 16–27 was based on the belief that the absences were properly treated as intermittent leave under the FMLA. It further argues that this was consistent with Mr. Furlong's representations that he was only released to work part-time. *See* Aff. of Bettie Kennedy, ¶ 6 and ex. O. After being released to full-time work by Dr. Gonzalez on November 30, 1998, Johnson Controls no longer deducted Mr. Furlong's salary for partial day absences in December 1998, which was consistent with the treatment of exempt administrative employees under the FLSA. Further, Johnson Controls argues that even if the deductions were impermissible, Mr. Furlong would only be entitled to overtime compensation for the time period when the deductions were impermissibly made. The Court agrees.

Based on the record, the Court finds that Mr. Furlong was released by Dr. Gonzalez on November 12, 1998 and returned to work on November 16, 1998. The release was unclear as to whether Mr. Furlong could work part-time or full-time

work. Mr. Furlong represented that the release was for part-time work only. *See* Aff. of Bettie Kennedy, ex. O (e-mails from Mr. Furlong). On November 20, 1998, Dr. Gonzalez indicated that Mr. Furlong was *unable* to return to work. *See* Aff. of Bettie Kennedy, ex. K. Nevertheless, Mr. Furlong continued to show up for work and put in two partial days during the short Thanksgiving week (Thursday and Friday were holidays). In accordance with Johnson Controls belief that Mr. Furlong was returning to work part-time, Johnson Controls treated his return as intermittent leave under the FMLA and continued to make deductions to his daily salary for partial days worked between November 16–27, 1998. Then, on November 30, 1998, Dr. Gonzalez officially recommended that Mr. Furlong was able to immediately return to work full-time. *See* Aff. of Bettie Kennedy, ex. L. From that day forward, the only deductions made to Mr. Furlong's pay were for full day absences. If there were any impermissible deductions made during the two-week pay period between November 16–27, they would total $289.47.

Further, Johnson Controls has chosen to avail itself of the statutory window of correction in 29 C.F.R. § 541.118(a)(6) and has submitted a check to Mr. Furlong for $267.29 as reimbursement for any perceived impermissible deductions. *See Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 912, 137 L.Ed.2d 79 (1997)(indicating that the language of the regulation does not address the timing of reimbursement and stating that the respondent could preserve the employee's exempt status by complying with the corrective provision in § 541.118(a)(6)). Based on this election, the Court finds that any impermissible deductions that may have been inadvertently made for reasons other than lack of work and based on Johnson Controls' reliance on Mr. Furlong's representations and actions have been remedied or reimbursed.

Therefore, the Court concludes that Johnson Controls has preserved the ex-

empt status of Mr. Furlong. Even if Johnson Controls had not availed itself of the statutory window of correction, Mr. Furlong would only be entitled to overtime compensation during the time period when the impermissible deductions might have been made—between November 16–27, 1998.. *See generally Auer,* 117 S.Ct. at 910–912. Since Plaintiff did not work more than forty hours during that period of time, there is no overtime pay to which he would be entitled.

## CONCLUSION

In light of the analysis above, as a preliminary matter the Court concludes that the Plaintiff was an employee exempt from the overtime compensation requirements of the FLSA because he was an administrative employee paid on a salary basis. For the reasons stated above, it is

ADJUDGED that Defendant's motion for summary judgment is GRANTED.